IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. LILLEY, JR.,** | ) |
| **Plaintiff** | ) ) ) |
| | ) Case No. 1:22-cv-01 |
| v. | ) ) |
| | ) **SUSAN PARADISE BAXTER** |
| **DCD HOUSE OF REPRESENTATIVES SENATOR TOOMEY OF PA.,** | ) **UNITED STATES DISTRICT JUDGE** ) ) |
| **Defendant.** | ) ) |

**MEMORANDUM OPINION**

**I. Plaintiff's Motion for Leave to Proceed in forma pauperis**

Plaintiff John Lilley filed a motion seeking leave to proceed in forma pauperis [ECF No. 1] along with a proposed original complaint on January 3, 2022. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

**II. Standard of Review**

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory

screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Discussion and Review of Plaintiff's Filings

Plaintiff, a pro se litigant, filed this action on January 3, 2022.[1] To the extent any factual allegations were provided, they are as follows:

> The liability of bankruptcy discharge has been exceeded on civil litigation nonprofit. For false arrest and CVF Act 84.
>
> I believe relief goes to me for civil rights violations of 16 valid times of false imprisonment. As pleader and Plaintiff opinion of the Federal courts and Clerk of Court.
>
> Federal offense procedure 8 police dept. complaint filing is in debt with habeas relief. Effective date. Stenography and Transcript explaining offense date convictions … [illegible]

ECF No. 1-1, page 4. The only Defendant named is Pat Toomey. This Court takes judicial notice that Pat Toomey is a United States Senator representing the Commonwealth of Pennsylvania. *See* www.toomey.senate.gov.

On January 5, 2022, Plaintiff filed another document in which he complains:

> I accuse two lone defendants in their own work capacity for a 2003 arrest Michael Dunlavey and a 2015 and 2016 arrest Robert A. Sambroak. Trial and sentence judge Erie County for being punitively malicious and frivolous with no relief as a civil rights violation offensively. Damage. Punitive no just cause. No civil rights. They both failed to give me a mistrial. No civil rights of mistrial or just cause.

ECF No. 4. As relief, Plaintiff requests monetary damages in the amount of $7,000,000,000,000,000,000,000,000,000,000.

---

[1] Plaintiff is a frequent filer in this Court having filed more than twenty cases in the last seven months. All of the filings in Plaintiff's other cases suffer from deficiencies similar to those detailed herein. Mr. Lilley is the subject of a Vexatious Litigant Order. *See* ECF No. 6.

Two days later, Plaintiff filed another document in which he claims:

> I actually in general believe you dismiss to the Court Clerks opinion with no amend, leave, or further curative objection/response just cause or settlement agreement mostly against the defendants as fail to prosecute them for the simple fact that I file in forma pauperis and pro se as a purported litigant. I also want to offer one amount for 18 cases. for agree with court only for monetary relief.

ECF No. 5. As relief, Plaintiff seeks monetary damages of $9,000,000,000,000,000,000,000,000,000,000.

On March 30, 2022, Plaintiff made another filing in which he may be seeking to name Attorney John P. Feroleto as a Defendant. The filing lists Attorney Feroleto as part of the Major Crime Unit on the caption and then explains:

> I would like to file this defendant for not giving me rights to pleading the fifth or discovery of evidence. Civilly I believe I was cross-examined as slandered and given no opportunity for qualified immunity based on my own opinion of my incrimination or absolute prosecutorial immunity based on my plea agreement incrimination for preliminary collateral relief or habeas corpus denial dismissal.

ECF No. 8.

Liberally construing his filings as we must due to his pro se status, and construing the statements as allegations across all his filings[2], Plaintiff fails to state a claim upon which relief can be granted. Plaintiff has not made a single factual allegation against the original named Defendant. Plaintiff only lists Senator Toomey in the caption and has not explained, even tangentially, how Senator Toomey was personally involved in an alleged violation of any of his civil rights, as he must in order to state a claim. *See generally, Rode v. Dellarciprete*, 845 F.2d

---

[2] Although an amended complaint "is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed" (*Williams v. Ferdarko*, 2018 WL 3653272, at *1 n.1 (W.D. Pa. Aug. 1, 2018)), this Court has examined all of Plaintiff's filings in this case together.

1195 (3d Cir. 1988). Plaintiff has provided no factual information whatsoever for this Court to decipher any legitimate constitutional claim against the only originally named Defendant.

In his January 4th filing, Plaintiff focuses his grievances on two judges of the Court of Common Pleas of Erie County: Judge Michael Dunlavey and (now deceased) Judge Robert Sambroak. Plaintiff cannot state a claim against either Dunlavey or Sambroak as they are entitled to immunity. "It is a well-settled principle of law that judges are generally immune from a suit for money damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." *Id.* at 356. *See also Seigert v. Gilley*, 500 U.S. 226, 231 (1991). Plaintiff has not made any factual allegation that any act by either judge was non-judicial in nature or taken outside of his jurisdiction. *VanTassel v. Lawrence County Domestic Relations Section*, 659 F.Supp.2d 672, 695 (W.D. Pa. 2009) (judicial immunity can only be overcome if the judge's actions are "nonjudicial in nature, or where such actions, while judicial in nature, are taken in the complete absence of all jurisdiction."). Again, Plaintiff fails to state a claim.

As to his March 30th filing and the naming of Attorney John Feroleto as a Defendant, Plaintiff continues to fail to state a claim. Plaintiff does not explain how Attorney Feroleto was personally involved in the violation of any rights. This Court also notes that Attorney Feroleto is associated with the Major Crime Unit of the District Attorney's Office in Erie County, New York. *See* www2.erie.gov/da/index/major-crimes-unit.

4

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (32d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.,* 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008).

Here, this Court has construed all of his filings together, thereby effectively allowing Plaintiff the opportunity to amend. Moreover, Plaintiff has filed numerous other cases in this Court and has been given the opportunity and detailed instructions on how to amend his original complaints. Despite the detailed instructions and significant amounts of time to file, Plaintiff has failed in each of his other cases to state a claim. Accordingly, the undersigned believes any such opportunity to amend in this case would be futile. Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional or statutory violation based on any of the factual statements in any of his filings in this case, leave to amend is futile. An appropriate Order follows this Memorandum Opinion.